**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNION PACIFIC RAILROAD COMPANY,

       Plaintiffs,

vs.                                                                                      No. CIV-04-0724 JB

PHILLIP LARKIN, ANTONIO G. DIAZ,
and SCOTT R. CRAIG,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Union Pacific's Motion to Compel the

Continuation of Defendant Phillip Larkin's Deposition, and Memorandum in Support, filed March

17, 2005 (Doc. 56).  The Court held a hearing on this motion on April 19, 2005.  The primary issue

is whether the Court should compel the continuation of Larkin's deposition.  Because the Court

concludes that Union Pacific does not at present have the information needed to conduct the

deposition, the Court will deny the motion without prejudice.

**FACTUAL BACKGROUND**

This lawsuit and two others arose out of a train collision that occurred on February 21, 2004,

at Carrizozo, New Mexico.  Two trains were involved.  One was an eastbound train that two

trainmen -- Adrian Rodella, the engineer, and Jeffrey Bohler, the conductor, operated.  Larkin, the

conductor, and Slade, the engineer, operated the westbound train.

Rodella and Bohler were killed in the collision.  Both Larkin and Slade survived the collision.

The collision resulted in millions of dollars of property damage to Union Pacific.

Following a National Transportation Security Board ("NTSB") investigation, investigators concluded that Rodella had ingested marijuana before the collision, and that Rodella and Bohler had lapsed into an altered state of consciousness before the collision.  Only one person, Larkin, alleged that he saw the eastbound crew before the collision.  Larkin told at least four non-party witnesses, primarily emergency personnel, that immediately before the collision, he observed that the eastbound crew appeared "slumped over" and that he attempted to alert them, without success.  He also told several witnesses that he had not been injured in the collision.

Larkin is a member of the United Transportation Union ("UTU"), which represents train conductors and is in competition for membership with the larger Brotherhood of Locomotive Engineers, which also represents conductors.  Shortly after the February, 2004 collision, Defendants Antonio G. Diaz and Scott R. Craig, UTU representatives, arrived at the accident site.  They spoke with Larkin for thirty minutes.  At his deposition, Larkin testified that their only conversation was: (i) to ask him if his knee was hurt; and (ii) to ask him if he had secured the train.

After Larkin spoke to Diaz and Clark, investigators for Union Pacific, the New Mexico State Police, and NTSB interviewed Larkin.  Larkin informed those investigators that he did not observe the eastbound crew before impact and that he did not try to alert the eastbound crew.  Larkin now alleges a series of injuries, including injuries to his knee and Post Traumatic Stress Disorder ("PTSD"), arising from the collision.

 Following the collision, Bohler's estate sued Union Pacific in El Paso County, Texas.  See Sherry Bohler v. Union Pacific Railroad Company, Cause No. 2004-1095, In the County Court At Law Number 7 (El Paso County, Texas).  Shortly thereafter, Union Pacific filed suit against Rodella's estate in federal court in New Mexico.  See Union Pacific Railroad Company v. Adrian Carl Rodella,

Cause No. CV-04-0376 (D.N.M.).  Finally, Union Pacific filed this case.

## PROCEDURAL BACKGROUND

Union Pacific's original Complaint in this case named Larkin and John Does 1, 2, and 3 as Defendants.  See Complaint, at 1, filed June 28, 2004 (Doc. 1).  The Complaint alleges intentional misrepresentation and civil conspiracy pursuant to New Mexico law.  On October 29, 2004, Union Pacific amended it's complaint, substituting Defendants Charles H. Flemming, III, Diaz and Craig for John Does.  See First Amended Complaint, filed October 29, 2004 (Doc. 22).   Union Pacific's First Amended Complaint alleges that Diaz, Craig, and Larkin entered into a conspiracy to misrepresent Larkin's eyewitness account of the train collision and to misrepresent his injuries arising out of the collision to advance UTU's objectives.  On December 15, 2004, Union Pacific voluntarily dismissed its claims against Flemming without prejudice.  See Plaintiff's Notice of Voluntary Dismissal of Claims Against Defendant Fleming Without Prejudice Pursuant to Rule 41(A), filed December 15, 2004 (Doc. 35).

The parties in this case -- before the naming of Craig and Diaz -- and counsel in the related cases, agreed that, to the extent practicable, depositions and discovery taken in one case could be used in the other cases. Union Pacific began Larkin's oral deposition on October 8, 2004, in El Paso, Texas.  Larkin's counsel in this case, and counsel in the related Bohler v. Union Pacific Railroad Company and Union Pacific Railroad Company v. Rodella cases, attended the deposition.  Counsel for Union Pacific questioned Larkin without interruption and concluded without reservations.  The deposition ended after approximately three and one-half hours.

Union Pacific represents that the deposition focused primarily on issues related to discovery in the Bohler v. Union Pacific Railroad Company and Union Pacific Railroad Company v. Rodella

litigation. Union Pacific represents that, as of the October 8 deposition, Larkin's medical condition and prognosis were unclear. Larkin contends that Union Pacific was aware of all circumstances surrounding Larkin's injury at that time and made no effort to solicit questions concerning his injury.

Since October 8, 2004, the landscape of this litigation has changed, and the related <u>Bohler v. Union Pacific Railroad Company</u> and <u>Union Pacific Railroad Company v. Rodella</u> litigation has been resolved. Since Larkin's deposition, both Craig and Diaz have been named in this case, have been served, have answered, and have exchanged discovery with Union Pacific. Union Pacific has also, since the deposition, served UTU with discovery requests, issued subpoenas for documents, and noticed a 30(b)(6) deposition to UTU. Pending before the Court is United Transportation Union's Motion for Protective Order, filed April 7, 2005 (Doc. 64). UTU objects to producing the requested information and witnesses for deposition.

In addition, Larkin's deposition occurred before Union Pacific was aware that Larkin would undergo a second surgery in early May, 2005, on his knee, which he contends was injured in the February 21, 2004 train collision. Larkin's personal injury claim is a part of Union Pacific's underlying claims that Larkin's conflicting statements and conspiracy with Diaz and Craig have damaged it. Larkin's injury claims and ongoing medical care is another area of inquiry for his continued deposition.

On March 7, 2005, Union Pacific's counsel sought scheduling information from Larkin's counsel regarding continuing his deposition. <u>See</u> Facsimile Transmitted Letter from Michael Kaemper, counsel for Union Pacific, to Marc Zito, counsel for Larkin (dated March 7, 2005). On March 9, 2005, Larkin's counsel responded, seeking information on what areas of inquiry Union Pacific would depose Larkin. <u>See</u> Facsimile Transmitted Letter from Marc Zito to Micheal Kaemper

(dated March 10, 2005).  Union Pacific detailed the areas of inquiry in a facsimile transmitted letter dated March 10, 2005.  See Letter from W.R. Logan, counsel for Union Pacific, to Marc Zito and Kevin Brodar, counsel for Diaz, Craig and UTU (dated March 10, 2005).  On March 14, 2005, Larkin's counsel indicated that Larkin "is not in agreement concerning continuing his depostion for any reason."  Letter from Marc Zito to John Thal, counsel for Union Pacific (dated March 14, 2005).

Larkin refuses to continue his deposition.  Union Pacific moves the Court, pursuant to rules 30 and 37 of the Federal Rules of Civil Procedure, for an order compelling Larkin to appear for the continuation of his deposition.  Union Pacific seeks to continue the Larkin deposition, for a period not to exceed 3 and one-half hours of deposition time, to obtain his testimony with the benefit of discovery from Diaz, Craig, the UTU, and updated and current medical information.  Larkin opposes this motion.

### ANALYSIS

At the hearing on this motion, Union Pacific represented to the Court that it did not, at the present time, have the information needed to continue Larkin's deposition.  See Transcript of Hearing at 12:20 - 13:2.[1]  Union Pacific represented that continuation of the deposition was contingent upon the completion of Larkin's May knee surgery and the Court's rulings on UTU's motion for protective order.  See id. at 13:2 - 14:3.

Based on this representation, the Court concludes that Union Pacific does not at this time have the information it needs to continue Larkin's deposition.  The Court will therefore deny Union Pacific's motion to compel without prejudice.

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any finalized transcript may contain slightly different page and/or line numbers.

       **IT IS ORDERED** that Union Pacific's Motion to Compel Larkin's Deposition is denied

without prejudice.

                                            _____

                                      UNITED STATES DISTRICT JUDGE

*Counsel:*

John S. Thal
Michael Kaemper
W.R. Logan
Atkinson & Thal, P.C.
Albuquerque, New Mexico

       *Attorneys for the Plaintiff*

Mel B. O'Reilly
Albuquerque, New Mexico

-- and --

Marc A. Zito
Houston, Texas

       *Attorneys for Phillip Larkin*

Kevin C. Brodar
  Associate General Counsel
United Transportation Union
Cleveland, Ohio

-- and --

Yolanda R. Gallegos
Gallegos Legal Group
Albuquerque, New Mexico

       *Attorneys for Antonio G. Diaz, Scott R. Craig,*
       *and United Transportation Union*