**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNION PACIFIC RAILROAD COMPANY,
a Delaware Corporation,

      Plaintiff,

vs.                                                                                         No. CIV 04-0724 JB/ACT

PHILLIP LARKIN, ANTONIO G. DIAZ,
AND SCOTT R. CRAIG,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant Antonio Diaz' Motion to Compel Plaintiff's Response to His First Set of Interrogatories and Requests for Production, filed March 29, 2005 (Doc. 54). The Court held a hearing on this motion on May 13, 2005. Based on the reasons stated on the record and consistent with the Court's ruling at the hearing on this motion, the Court will order Plaintiff Union Pacific Railroad Company to amend its answers to Diaz' interrogatories as described herein.

**PROCEDURAL BACKGROUND**

The cause of action against Diaz stems from Union Pacific's allegations of intentional misrepresentation against Defendant Philip Larkin, and of civil conspiracy to provide false statements and conceal evidence against all the Defendants. Diaz served his first set of interrogatories and first request for production on Union Pacific on February 4, 2005. See Certificate of Service for Defendant Antonio Go. Diaz's First Set of Interrogatories, Requests for Production of Documents and Requests for Admission, filed February 7, 2005 (Doc. 45). On March 9, 2005, Union Pacific

hand-delivered its responses to the Gallegos Law Offices, a different law firm than that represents Diaz and Craig. For this reason, Diaz' counsel received the responses from the Gallegos Law Offices on March 10, 2005. See Certificate of Service for Plaintiff's Objections, Answers, and Responses to Defendant Antonio G. Diaz's First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission, filed March 9, 2005 (Doc. 50).

Diaz' counsel represents that, pursuant to Rule 37(a), she made a good faith effort to secure the requested information without court intervention by calling Union Pacific's counsel and by sending Union Pacific's counsel a letter dated March 24, 2005, seeking additional information with respect to Union Pacific's responses to these discovery requests. See Letter from Yolanda R. Gallegos, counsel for Diaz, to John S. Thal, W.R. Logan and Michael Kaemper, counsel for Union Pacific, dated March 24, 2005 (Doc. 54). Union Pacific's counsel responded by letter dated March 25, 2005, in which he stated that he was unable to respond to the issues raised in Diaz' March 24, 2005 letter by the deadline for Diaz to submit his motion to compel. See Letter from Kaemper to Gallegos, dated March 25, 2005 (Doc. 25). For that reason, Union Pacific's counsel asked that Diaz note his opposition to this motion. See id.

After Diaz filed his motion to compel, Union Pacific supplemented its responses. See Certificate of Service for Union Pacific's Supplemental Answers and Responses to Defendant Antonio G. Diaz's First Set of Interrogatories and Requests for Production of Documents, filed March 30, 2005 (Doc. 60). In his Reply, Diaz asserts that, despite its supplemental answers, Union Pacific has failed to provide full and complete responses to Interrogatory Numbers 11, 14, 16, and 20.

## **ANALYSIS**

Since Diaz filed his motion, the parties have worked out many of their disputes. As to the requests for discovery that remain in dispute, Union Pacific's answers to Diaz' discovery requests are, in large part, inadequate and incomplete. The Court will order Union Pacific to amend these discovery responses.

**I.      DEFICIENCIES IN RESPONSES TO DIAZ' DISCOVERY REQUESTS.**

     **A.      INTERROGATORIES.**

          1.      Interrogatory No. 2.

Interrogatory No. 2 reads:

> Plaintiff alleges in its First Amended Complaint that Mr. Larkin intentionally made false statements to the New Mexico State Police, the FRA, the NTSB, and to it. State in full detail the complete and specific factual basis for this claim including how Plaintiff learned of the alleged falsity of these statements and the date and time at which Plaintiff allegedly learned that these statements were false.

Union Pacific's Objections, Answers and Responses to Defendant Antonio G. Diaz's First Set of Interrogatories, Requests for Production of Documents and Requests for Admission to Plaintiff, at 6 (Doc. 54)(hereinafter "Union Pacific's Answers"). In its original response, Union Pacific reiterated the allegation that Larkin reported events regarding the train collision to individuals before his meeting with Diaz and Craig that differ from his reports to investigators after such meeting. See id. at 7. Union Pacific did not, however, state how it learned that the statements it alleges are false were false. Union Pacific also did not provide the date and time at which it allegedly learned of such falsity. See id.

Thus, Union Pacific's response does not completely and fully respond to the interrogatory. After Diaz filed his motion, Union Pacific supplemented its answer to Interrogatory 11. Diaz indicated that he is satisfied with this answer. See Defendant Antonio Diaz's Reply to Plaintiff's

Response to Diaz's Motion to Compel Plaintiff's Response To His First Set of Interrogatories and Requests for Production, at 1, filed May 2, 2005 (Doc. 75)(hereinafter "Diaz' Reply"); See Transcript of Hearing at 7:17-25 (hereinafter "Transcript").[1]  For this reason, the Court will compel Union Pacific to provide additional information to Diaz.

      2. Interrogatory No. 5.

Interrogatory No. 5 reads:

> Identify each and every person referenced in paragraph 18 of Plaintiff's First Amended Complaint with whom Plaintiff claims Defendant Phillip Larkin spoke and for each person identify which statement(s) Plaintiff alleges Mr. Larkin told each person, *i.e.*, 1) that prior to the train collision he had seen Rodella and Bohler slumped over in the cab of the eastbound locomotive; 2) that he or Slade sounded the locomotive horn in an attempt to alert the other crew prior to the collision; or 3) that he had not been injured in the collision.  Include in this answer the dates and times that each of these statements were allegedly made by Mr. Larkin.

Union Pacific's Answer, at 8-9.  Union Pacific responded to this interrogatory, but did not provide the dates and times that Larkin allegedly made any of the statements.  Moreover, Union Pacific did not state that it did not have such information.  See id. at 9-10.  After Diaz filed his motion, Union Pacific supplemented its answer to Interrogatory 5.  Diaz indicated that he is satisfied with this answer.  See Diaz' Reply, at 1; Transcript at 7:17-25.  For this reason, Union Pacific need not respond further to Interrogatory No. 5.

      3. Interrogatory No. 6.

Interrogatory No. 6 reads: "Identify all evidence in any form upon which Plaintiff intends to rely which supports the occurrence and substance of the alleged communications set out in your

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any finalized transcript may contain slightly different page and/or line numbers.

answer to Interrogatory No. 5." Union Pacific's Answers, at 10. In its original response, Union Pacific referred primarily and without elaboration or explanation to the depositions of Larkin, Paula Anaya, Teresa Vega, Tim Burd, Kim Roper, and John Ventura. See id. Union Pacific also referred, without elaboration or exploration, to Larkin's statements to investigators. See id.

Interrogatory responses that refer to depositions are not complete and not in compliance with rule 33 of the Federal Rules of Civil Procedure. See, e.g., Pham v. Hartford Fire Ins. Co., 193 F.R.D. 659, 663 (D. Colo. 2000)(noting that a party's response to interrogatory by referring to "'what has already been disclosed in the underlying civil action filed in Denver District Court,' is insufficient"); Starlight Int'l, Inc. v. Herlihy, 186 F.R.D. 626, 640 (D. Kan. 1999)("A party may not properly answer an interrogatory by referring generically to testimony given upon deposition."); Hoffman v. United Telecommunications, Inc., 117 F.R.D. 436, 440 (D. Kan. 1987)(granting motion to compel against party that answered interrogatory by referring to deposition testimony of certain individuals and holding "[i]ncorporation by reference to a deposition is not a responsive answer"). After Diaz filed his motion, Union Pacific supplemented its answer to Interrogatory No. 6. Diaz indicated that he is satisfied with this answer. See Diaz' Reply, at 1; Transcript at 7:17-25. For this reason, the Court will not compel Union Pacific to respond further to Interrogatory No. 6.

    4.        Interrogatory No. 7.

Interrogatory No. 7 states:

Identify all evidence in any form upon which Plaintiff intends to rely which it alleges supports the allegations in paragraphs 23, 24, and 40 of the First Amended Complaint that Fleming, Diaz, Craig, and Larkin "conspired and agreed that Mr. Larkin would conceal evidence and falsely tell the New Mexico State Police, NTSB, and Union Pacific investigators that he did not look into the cab of the eastbound trains' lead locomotive, that he did not see the crew members slumped over, and that Larkin and Slade did not sound their locomotive horn in an attempt to alert the eastbound train

of the imminent collision.

Union Pacific's Answers, at 10-11. At the end of Union Pacific's response to this interrogatory, it referred generally to the depositions of Larkin, Tim Burd, Kim Roper, and John Ventura. See id. at 12. Union Pacific also refers, without elaboration, to Larkin's statements to Union Pacific investigators, the NTSB, FRA, and state police. See id. at 12.

Diaz does not have to accept such generic references. See, e.g., Pham v. Harford Fire Ins. Co., 193 F.R.D. at 663; Starlight Int'l, Inc. v. Herlihy, 186 F.R.D. at 640; Hoffman v. United Telecommunications, Inc., 117 F.R.D. at 440. After Diaz filed his motion, Union Pacific supplemented its answer to Interrogatory No. 7. Diaz indicated that he is satisfied with this answer. See Diaz' Reply, at 1; Transcript at 7:17-25. The Court will therefore not require Union Pacific to provide further response to Interrogatory No. 7.

        5.        Interrogatory No. 8.

Interrogatory No. 8 states:

> Identify and describe the content and date of each and every statement, which Plaintiff alleges in paragraph 28 of the First Amended Complaint that Mr. Larkin made prior to his meeting and/or communications with Fleming, Diaz, and Craig, which is contrary to those Mr. Larkin made to Union Pacific, the New Mexico State Police, the FRA, and the NTSB. Include in the description the identity(ies) of the person(s) to whom the alleged prior statement was made and how the prior statement is contrary to those made to Union Pacific, the New Mexico State Police, the FRA, and the NTSB. Include in your answer the date(s) you allege Mr. Larkin made each statement to Union Pacific, the listed investigatory bodies, and the person(s) to whom Mr. Larkin allegedly made the prior inconsistent statements. Also include in this response a description of what information Plaintiff received from the event recorder which allegedly "contradicted Defendant Larkin's changed version of what he had observed."

Union Pacific's Answers, at 12. In its original response, Union Pacific did not provide the dates of the alleged statements set forth in its response. See id. 13-14. With respect to Union Pacific's discussion of Larkin's statements to it and to investigatory bodies, Union Pacific did not identify the

-6-

individuals with whom he spoke. See id.

Accordingly, Union Pacific's original response was incomplete. After Diaz filed his motion, Union Pacific supplemented its answer to Interrogatory No. 8. Diaz indicated that he is satisfied with this answer. See Diaz' Reply, at 1; Transcript at 7:17-25. The Court will therefore not compel Union Pacific to provide further response to Interrogatory No. 8.

      6.    Interrogatory No. 9.

Interrogatory No. 9 reads: "Identify all evidence in any form upon which Plaintiff intends to rely which it alleges supports the allegation in paragraphs 32-34 of the First Amended Complaint that Mr. Larkin's statements to the New Mexico State Police, the FRA, the NTSB, and Union Pacific were 'intentionally false.'" Union Pacific's Answer, at 14. Once again, Union Pacific referred to, among other things, depositions and Larkin's statements to it and investigators without providing the page numbers of the depositions to which it was referring or to the bate stamped pages of the referenced statements. See id. at 15. Union Pacific may not provide generic reference to such depositions and statements. See, e.g., Pham v. Hartford Fire Ins. Co., 193 F.R.D. at 663; Starlight Int'l, Inc. v. Herlihy, 186 F.R.D. at 640; Hoffman v. United Telecommunications, Inc., 117 F.R.D. at 440. After Diaz filed his motion, Union Pacific supplemented its answer to Interrogatory 8. Diaz indicated that he is satisfied with this answer. See Diaz' Reply, at 1; Transcript at 7:17-25. The Court will therefore not compel Union Pacific to provide further response to Interrogatory No. 9.

7.    Interrogatory No. 11.

Interrogatory No. 11 states:

State with specificity how Plaintiff's reliance on the statements of Mr. Larkin was detrimental to it. To the extent Plaintiff alleges that its reliance on such statements impeded its ability to defend itself in the *Bohler* and *Rodella* lawsuits, state

> specifically how it was or has been impeded. To the extent Plaintiff alleges that its reliance on Mr. Larkin's statements regarding his personal injury have impeded its ability to investigate the circumstances of the collision and to "contemporaneously investigate and have a medical evaluation regarding Mr. Larkin's claimed injuries," state specifically how such ability was impeded.

Union Pacific's Answer, at 16-17. In its response, Union Pacific contends that Larkin's allegedly inconsistent statements "created an opportunity for the *Bohler* and *Rodella* expert witnesses to pick and choose between the versions of Larkin's statements and testimony depending on what fit with their opinions as to the condition of the crew and the causes of collision." Id. at 18. As examples of such opportunities, Union Pacific refers to the "Pittel opinions," "Mitler, Penney opinions and testimony," and "the expert reports and deposition testimony of Mitler, Penney, Pittel and Hoffman," and the "transcript of January 13, 2005 Daubert motions hearing in the Bohler v. Union Pacific case." Id. Union Pacific does not provide copies of such documents, none of which were generated in this case. Reference to these depositions, reports, and transcripts would be inappropriate if they were generated in this case. Here, where they were generated in other cases, the references are also unacceptable. See, e.g., Pham v. Hartford Fire Ins. Co., 193 F.R.D. at 663. Union Pacific will supplement its answer to Interrogatory No. 11 by specifying which lines and pages of the depositions produced are responsive and by identifying responsive documents by Bates number.

8. Interrogatory Nos. 16 and 20.

Union Pacific will supplement its answers to Interrogatory Nos. 16 and 20 by specifying which lines and pages of the depositions produced are responsive and by identifying responsive documents by Bates number.

9. Interrogatory No. 14.

Union Pacific will supplement its answer to Interrogatory 14 by identifying by Bates number

all responsive documents.

9. Interrogatory No. 19.

Union Pacific will produce any information about incidences of train collisions in the last five years where an event recorder mis-recorded or in any way inaccurately recorded the operations of a train, including the train whistle.

### B. REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Request for Production 8. The Court will deny Diaz' motion to compel further response to Request for Production 8.

### II. PLAINTIFF'S ATTEMPT TO AMEND PLEADINGS.

Diaz objects to Union Pacific's statement that "[t]he information in these discovery responses shall be deemed to amend both the allegations in Plaintiff's Complaint and its Initial Disclosures." Union Pacific's Answers, at 1 (Doc. 54). The Court will overrule Diaz' objection.

**IT IS ORDERED** that the parties shall proceed as set forth herein.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

John S. Thal
Michael Kaemper
W.R. Logan
Atkinson & Thal, P.C.
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Mel B. O'Reilly
Albuquerque, New Mexico

-- and --

Marc A. Zito
Houston, Texas

      *Attorneys for Phillip Larkin*

Kevin C. Brodar
  Associate General Counsel
United Transportation Union
Cleveland, Ohio

-- and --

Yolanda R. Gallegos
Gallegos Legal Group
Albuquerque, New Mexico

      *Attorneys for Defendants Antonio G. Diaz, and Scott R. Craig,*
      *and non-party United Transportation Union*