## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNION PACIFIC RAILROAD COMPANY,

  Plaintiff,

vs.                      No. CIV 04-0724 JB/ACT

PHILLIP LARKIN, ANTONIO G. DIAZ,
and SCOTT R. CRAIG,

  Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Union Pacific Railroad Company's Motion for Leave to Take Deposition of Person Confined in Prison and Request for Expedited Briefing and/or Hearing, filed June 23, 2005 (Doc. 123). The primary issue is whether the Court should allow Union Pacific Railroad Company ("Union Pacific") to depose Byron Boyd, Federal Bureau of Prisons, Register No. 29120-179. The Court held a hearing on this matter on July 7, 2005. For the reasons stated on the record, and consistent with those reasons, and because the Court believes that Boyd may have knowledge that is relevant to this case or that will lead to admissible evidence, the Court will grant Union Pacific's motion for leave to take Boyd's deposition.

### BACKGROUND

Boyd was president of the United Transportation Union ("UTU") at the time of the Carrizozo train collision. He subsequently pleaded guilty of conspiring with others to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO") through the commission of two or more predicate acts, namely, Honest Service Mail and Wire Fraud, Interstate Transportation in Aid of Racketeering, state commercial bribery, and embezzlement from a labor organization, in violation of

18 U.S.C. § 962(b). The federal court sentenced Boyd to two years incarceration. He is currently confined in the federal prison at Sheridan Federal Correctional Institution, 27072 Ballston Road, Sheridan, Oregon 87278. In his sentencing, Boyd made statements about corruption at the local union level -- Defendants Scott Craig and Antonio Diaz' level -- including the selection of counsel to represent UTU members in litigation.

Union Pacific moves the Court for an order pursuant to rule 30 of the Federal Rules of Civil Procedure granting it leave to take the deposition upon oral examination of Boyd.

## ANALYSIS

Union Pacific asserts that Boyd has knowledge of particular facts concerning: (i) the UTU's position regarding its role in assisting union members in connection with their personal injury claims; and (ii) the selection of legal counsel to represent UTU members, including any criminal charges or convictions arising out of or related to the selection of counsel to represent UTU members. Boyd previously made statements about UTU corruption at the local level, and Union Pacific has persuaded the Court that he may have knowledge that is relevant to this case or will lead to admissible evidence. The Court will therefore grant Union Pacific's motion for leave to take Boyd's deposition.

**IT IS ORDERED** that Plaintiff Union Pacific Railroad Company's Motion for Leave to Take Deposition of Person Confined in Prison and Request for Expedited Briefing and/or Hearing is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

John S. Thal
Michael Kaemper
W.R. Logan
Atkinson & Thal, P.C.
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Mel B. O'Reilly
Albuquerque, New Mexico

- and -

Marc A. Zito
Houston, Texas

    *Attorneys for Defendant Phillip Larkin*

Kevin C. Brodar
  Associate General Counsel
United Transportation Union
Cleveland, Ohio

-- and --

Yolanda R. Gallegos
Gallegos Legal Group
Albuquerque, New Mexico

    *Attorneys for Antonio G. Diaz, Scott R. Craig,*
    *and United Transportation Union*