# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNION PACIFIC RAILROAD COMPANY,
a Delaware Corporation,

       Plaintiff,

vs.                                                                                          No. CIV 04-0724 JB/ACT

PHILLIP LARKIN, ANTONIO G. DIAZ,
and SCOTT R. CRAIG,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Union Pacific Railroad Company's Motion to Enforce Settlement Agreement and for an Award of Attorneys' Fees, and Memorandum in Support, filed August 24, 2005 (Doc. 159).  The primary issue is whether the Court should: (i) insert the language Antonio Diaz and Scott Craig, through their attorney Kevin Brodar, want included in the agreement; (ii) leave the agreement as it was signed containing the language Union Pacific desires included; or (iii) find that an agreement was not reached.  Consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, the Court finds that an agreement was reached and will enforce the Settlement Agreement with Union Pacific's desired language contained therein, as reflected in the Settlement Agreement signed by all parties on July 25, 2005.

## PROCEDURAL BACKGROUND

On July 25, 2005, the parties to this litigation, Phillip Larkin (represented by Marc Zito and Mel O'Reilly), Diaz and Craig (represented by Mr. Brodar and Yolanda Gallegos), and Union Pacific

(represented by John Thal and Randol Logan) met in a day-long mediation before the Honorable Alan C. Torgerson, United States Magistrate Judge. See Declaration of Mel O'Reilly ("O'Reilly Decl.") ¶¶ 2-3, at 1 (executed September 23, 2005); Certificate of Proceedings at 1-2, filed September 30, 2005 (Doc. 164); Motion to Enforce Settlement Agreement and for an Award of Attorneys' Fees and Memorandum in Support ("Motion to Enforce") at 1; Defendants Diaz' and Craig's Response to Plaintiff's Motion to Enforce Settlement Agreement and an Award of Attorneys' Fees ("Response") at 1, filed September 12, 2005 (Doc. 160). The parties negotiated and deliberated throughout the day and ultimately reached an agreement. See Transcript of Hearing at 9:1-8 (taken October 21, 2005)[1]; Motion to Enforce at 1; Response at 2-3.

After the mediation, and after reaching an agreement, the parties and Judge Torgerson met in open court to memorialize the agreement's terms and to enter into a settlement agreement. See O'Reilly Decl. ¶¶ 3-4, at 1; Motion to Enforce at 1. During that session, the parties discussed additional terms. See O'Reilly Decl. ¶¶ 5-8, at 2; Motion to Enforce at 1; Response at 3. The parties memorialized the terms of this agreement in a document that Judge Torgerson drafted, that the parties' counsel revised, that Judge Torgerson re-drafted, and that the parties and their counsel ultimately executed. See Settlement Agreement at 1-2 (dated July 25, 2005); O'Reilly Decl. ¶¶ 5-11, at 2; Motion to Enforce at 1; Response at 2-3; Certificate of Proceedings at 2-3.

The document, entitled "Settlement Agreement," set forth the core terms of the parties' agreement. See generally Settlement Agreement. Union Pacific's counsel then offered to prepare the appropriate releases and to formalize the Settlement Agreement's terms. See Motion to Enforce

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

at 2.  Everyone agreed to that approach.  See id.; Response at 3-4.  Judge Torgerson urged that the parties promptly complete the settlement and that the case be dismissed pursuant to stipulated motions to dismiss.  See Motion to Enforce at 2.

Over the course of the next week, Union Pacific's counsel prepared drafts of separate release and settlement agreements that were sent to Larkin's counsel, and Craig and Diaz' counsel.  See id.  In short order, Larkin's counsel agreed to the terms of the mutual release and settlement agreement, it was executed, and the settlement has been finalized.  See id.  Similarly, Union Pacific's counsel sent a draft of a settlement agreement and mutual release to Craig and Diaz's counsel, specifically incorporating the terms of the Settlement Agreement upon which the parties agreed during the July 25, 2005 mediation.  See id.

Union Pacific's draft read, in pertinent part: "Union Pacific also agrees that it shall not use the referenced documents in any management-union negotiations."  Response at 4; Settlement Agreement and Mutual Release of All Claims at 3 (not dated).  Mr. Brodar amended the agreement to provide: "Union Pacific also agrees that it shall not use the referenced documents or the information contained therein in any management-union negotiations."  Response at 4; Settlement Agreement and Mutual Release of All Claims at 3.

This motion arises from Craig and Diaz' refusal, through Mr. Brodar, to sign off on behalf of his clients, on settlement documents that Union Pacific has forwarded to them which sets forth the Settlement Agreement's terms that he executed on behalf of his clients during the course of the July 25 mediation.  See Motion to Enforce at 2.  Instead, Mr. Brodar insists upon inclusion of a term that the parties had considered and Union Pacific's counsel had rejected.  See Settlement Agreement and Mutual Release of All Claims at 3; Letter from John Thal to Kevin Brodar (dated August 4, 2005);

Letter from Kevin Brodar to Randol Logan (dated August 22, 2005).

Union Pacific requests that, because Mr. Brodar has taken an "unreasonable position" that has "needlessly protracted this litigation," the Court award attorneys' fees for filing this motion pursuant to 28 U.S.C. § 1927. See Motion to Enforce at 3.

## LAW REGARDING 28 U.S.C. § 1927

18 U.S.C. § 1927 provides: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the Court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." A court may appropriately award sanctions under § 1927 when an attorney acts "recklessly or with indifference to the law. . . " or "when an attorney is cavalier or bent on misleading the court; intentionally acts without a plausible basis; or when the entire course of the proceedings was unwarranted." Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C., Nos. 04-1465, 05-1080, 2005 U.S. App. LEXIS 26656, at *21 (10th Cir. December 7, 2005)(quoting Braley v. Campbell, 832 F.2d 1504, 1511 (10th Cir. 1987) and Miera v. Dairyland Ins. Co., 143 F.3d 1337, 1342 (10th Cir. 1998)).

## ANALYSIS

Near the end of the settlement conference, Judge Torgerson gathered the parties and read a draft agreement that contained the primary elements to which he believed the parties had agreed. See O'Reilly Decl. ¶¶ 3-4, at 1; Response at 3. Craig and Diaz' counsel pointed out to Judge Torgerson that he had not mentioned one element they had expressed to him as important to any agreement -- the return of depositions and information obtained during discovery and the agreement not to use any information in any settlement negotiations. See O'Reilly Decl. ¶ 5, at 2; Certificate of Proceedings

at 3. Mr. Thal clearly objected and rejected the term not to use any information in any settlement negotiations that the Union wishes to insert. See O'Reilly Decl. ¶ 8, at 2; Certificate of Proceedings at 3; Response at 3; Motion to Enforce ¶ 3, at 5. All the parties then signed the Settlement Agreement, which provides in relevant part: "The Union Pacific Railroad Company will also agree not to use any of these documents in management negotiations." Settlement Agreement ¶ 4, at 2; Motion to Enforce ¶ 4, at 5.

The Court has three options. It can: (i) insert the language Diaz and Craig, through Mr. Brodar, want included in the agreement; (ii) leave the agreement as it was signed containing the language Union Pacific desires included; or (iii) find that an agreement was not reached.

First, the Court finds that the parties reached an agreement. The Settlement Agreement was signed by all parties in open court after a long day of negotiations, and after the relevant dispute had been discussed. Craig and Diaz' counsel agreed at the hearing that an agreement was reached, although the relevant term of the agreement was disputed. See Transcript of Hearing at 9:1-8.

Second, the Court will include the language Union Pacific desires, and will not include the language that Craig and Diaz desire. The parties signed the Settlement Agreement after the relevant dispute arose; the agreement that the parties signed in open court contained the terms which Union Pacific wants included, and did not contain the terms that Craig and Diaz want included. The testimony shows that Union Pacific made an objection to the language that Craig and Diaz now desire to include, and after such objection was made, all parties signed the agreement that did not include that desired language. It would be unfair now for the Court to include that language or language to that effect that Union Pacific specifically rejected before the parties signed the agreement. Union Pacific did not agree to inclusion of such language, and the Court will therefore not include the

language that Craig and Diaz desire to include. There was, however, an agreement made, and the Court will enforce the agreement with the inclusion of the terms that the signed Settlement Agreement confirmed.

The Court will not award attorneys' fees pursuant to § 1927. Judge Torgerson suggested that Union Pacific's counsel and Craig and Diaz' counsel try to work out language that would be acceptable to both parties in the final settlement agreement release documents. See Certificate of Proceedings at 4. This suggestion may have led the parties to dispute this particular term, and thus the actions here by counsel were not unreasonable or vexatious such to warrant an award of attorneys' fees under § 1927. The Court cannot say that Craig and Diaz' counsel acted recklessly or with indifference to the law, or has been cavalier in some way.

Because the Court finds that the parties reached an agreement, that Union Pacific, through Mr. Thal, did not agree to the language that Mr. Brodar wants to include, and that Diaz, Craig and Mr. Brodar signed the settlement agreement containing Union Pacific's desired language, the Court will enforce the Settlement Agreement with Union Pacific's desired language as reflected in the signed Settlement Agreement. The Court will not award attorneys' fees.

**IT IS ORDERED** that Plaintiff Union Pacific Railroad Company's Motion to Enforce Settlement Agreement and for an Award of Attorney's Fees, and Memorandum in Support is granted in part and denied in part. The Court will enforce the Settlement Agreement with the inclusion of the disputed term that Union Pacific desires. The Court will not award attorneys' fees under 28 U.S.C. § 1927.

_____
UNITED STATES DISTRICT JUDGE

-6-

*Counsel:*

John S. Thal
Michael Kaemper
Westley R. Logan
Atkinson & Thal, P.C
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Marc A. Zito
Jones and Granger
Houston, Texas
-- and --

Mel B. O'Reilly
Albuquerque, New Mexico

    *Attorneys for Defendant Phillip Larkin*

Kevin C. Brodar
United Transportation Union
Cleveland, Ohio
-- and --

Yolanda R. Gallegos
Gallegos Legal Group
Albuquerque, New Mexico

    *Attorneys for Defendants Antonio G. Diaz*
      *and Scott R. Craig*